IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

| UNITED STATES OF AMERICA | ) |
|---|---|
| v. | ) ) ) Criminal No. 3:17-CR-85–HEH |
| TIMOTHY SCOTT WENK, | ) ) ) |
| Defendant. | ) |

## MEMORANDUM OPINION
(Denying Motion for Substitution of Counsel)

This matter is before the Court on Defendant Timothy Scott Wenk ("Wenk" or "Defendant") and his attorneys' Motion to Withdraw as Attorneys and Appoint Counsel. ("Motion," ECF No. 62.) Defendant's attorneys are presently Assistant Public Defenders Nia Vidal and Mary Maguire (collectively "Defendant's attorneys"). For the reasons that follow, the Motion will be denied.

### I. BACKGROUND

The Government began its case against Defendant by filing a Criminal Complaint on June 13, 2017. Defendant was arrested on June 15, 2017, and Assistant Public Defender Vidal was appointed as his counsel the same day. On July 11, 2017, the Grand Jury returned an Indictment (ECF No. 10) charging Defendant with a single count of wire fraud in violation of 18 U.S.C. § 1343, and on August 7, 2017, Assistant Public Defender Maguire entered a Notice of Appearance as co-defense counsel. On September 6, 2017, the Grand Jury returned a Superseding Indictment (ECF No. 14) charging Defendant with sixteen counts of wire fraud in violation of 18 U.S.C. § 1343. Thereafter, the

Government and Defendant reached a Plea Agreement (ECF No. 43) pursuant to which Defendant entered a plea of guilty to Counts One and Twelve of the Superseding Indictment on December 7, 2017.

The Court originally set a sentencing date of March 23, 2018. After granting four requests for continuance (ECF Nos. 51, 56, 59, 61), the sentencing was scheduled for June 26, 2018. Defendant filed the Motion presently before the Court on June 12, 2018, and the Court held a hearing on June 14, 2018 ("Hearing"). A significant portion of the Hearing was conducted outside of the presence of counsel for the Government, Assistant U.S. Attorney Brian Hood. However, all parties, including counsel for the Government, were given the opportunity to argue their respective positions. In order to adequately address the issues raised in the Motion, the Court has continued Defendant's sentencing for the fifth time.

## II. STANDARD OF REVIEW

The Sixth Amendment to the U.S. Constitution guarantees a defendant in a criminal prosecution the right to the assistance of counsel. Importantly, however, criminal defendants requiring court-appointed counsel do not have the right to select a counselor of their choosing. *United States v. Gonzalez-Lopez*, 548 U.S. 140, 153 (2006). Rather, once competent counsel is appointed, district courts maintain a significant degree of discretion in deciding whether subsequent events support a substitution of counsel. *United States v. Gallop*, 838 F.2d 105, 108 (4th Cir. 1988) (citing *Morris v. Slappy*, 461 U.S. 1, 13 (1983)). In making such a decision, a district court can weigh its own interest "in the orderly administration of justice." *United States v. Reevey*, 364 F.3d 151, 157

2

(4th Cir. 2004). The Fourth Circuit has outlined three factors that are relevant to whether a district court has abused its discretion in ruling on a motion to substitute counsel: "(1) timeliness of the motion; (2) adequacy of the court's inquiry; and (3) 'whether the attorney/client conflict was so great that it had resulted in total lack of communication preventing an adequate defense.'" *United States v. Blackledge*, 751 F.3d 188, 194 (4th Cir. 2014) (quoting *Gallop*, 838 F.2d at 108).

## III. DISCUSSION

Defendant and his attorneys filed the present Motion approximately two weeks before Defendant's sentencing was scheduled to take place. The Government concedes that the Motion is timely based upon guiding Fourth Circuit case law. (Gov't Resp. Opp'n 3, ECF No. 64.) As stated above, the Court held the Hearing on June 14, 2018 to discern whether the issues dividing Defendant and his attorneys had led to such a deterioration of the attorney-client relationship that Defendant's attorneys lacked "the ability to conduct an adequate defense." *United States v. Johnson*, 114 F.3d 435, 443 (4th Cir. 1997). In order to facilitate forthright communication by Defendant and his attorneys without fear of prejudicially divulging privileged information, the Court excused counsel for the Government from a significant portion of the Hearing.

The Court is mindful of the potentially detrimental effect that revealing details from the *ex parte* portion of the Hearing may cause to the Defendant. Accordingly, the Court will describe the relevant disputes at a sufficient level of generality that Defendant will not be prejudiced. First and foremost, it is clear from both the tone and tenor of the Hearing that the relationship between Defendant and his attorneys has not eroded to the

3

point where communication is impossible. Indeed, from the representations of the Defendant, Defendant's attorneys, and the Government, it appears that Defendant and his attorneys have communicated with frequency from the inception of this case through the issue presently before the Court.

The crux of Defendant's argument for substitution of counsel is a disagreement with his attorneys over the strategy to employ at sentencing.[1] An adequate defense requires "the marriage of the attorney's legal knowledge and mature judgment with the defendant's factual knowledge." *United States v. Smith*, 640 F.3d 580, 588 (4th Cir. 2011). Defendant's disagreement with "counsel's [sentencing] strategy and tactics . . . does not constitute a breakdown in communications sufficient to warrant new appointed counsel." *Id.* at 589 (citing *Johnson*, 114 F.3d 443–44). Defendant's attorneys have digested thousands of documents and spent countless hours communicating with both Defendant and the Government in preparation for Defendant's sentencing. They undoubtedly are intricately familiar with the nuances of Defendant's complicated fraud scheme and the entirety of this case. Consequently, Defendant's attorneys will certainly be able to capably provide the "adequate defense" required by the Fourth Circuit.

Weighed against this disagreement over strategy and any attendant communication difficulties is the Court's interest in administering justice in an orderly fashion. In this

---

[1] Defendant also identified a few instances during the plea bargaining process and subsequent preparation for sentencing where he was disappointed with his representation. These instances, however, amount to nothing more than the dissatisfaction that any defendant feels when his case takes a turn that he thinks is less than desirable or that he did not expect. Defendant's representations established that he continued to communicate with both of his attorneys well after these occurrences. Thus, it is clear that these instances of frustration, either viewed in isolation or taken together, do not amount to the degree of conflict necessary to mandate a substitution of counsel.

4

case, that interest is substantial. As described above, Defendant's attorneys have spent an immense amount of time and effort preparing for sentencing and have required multiple continuances to do so. (*See* ECF Nos. 56, 61.) Any newly appointed counsel would undoubtedly be required to duplicate a significant portion of the work already done by Defendant's attorneys, in order to develop a sentencing strategy compatible with Defendant's expectations. In all likelihood, this would take months, not merely a few days or weeks. Allowing such a delay in this case, or similar cases, would not only hamper this Court's ability to operate effectively, but would also be a disservice to the approximately 47 victims in this case who seek closure.

Taken together, these factors do not support appointing substitute counsel for Defendant. The dispute highlighted by Defendant does not demonstrate that he and his attorneys are unable to communicate; instead, it is shows that they disagree over the strategy to employ at sentencing. There is no reason to believe that new counsel would approach it differently. Defendant's attorneys are seasoned trial lawyers who have tried numerous complex cases before this Court. They have clearly expended substantial effort familiarizing themselves with the facts of the case. This Court has a significant interest in keeping this case on a steady course. This matter has now been continued five times, and the appointment of new counsel would require another significant delay. Accordingly, the Motion will be denied.

## IV. CONCLUSION

For the foregoing reasons, the Motion to Withdraw and Appoint New Counsel (ECF No. 62) will be denied.

An appropriate Order will accompany this Memorandum Opinion.

/s/
Henry E. Hudson
Senior United States District Judge

Date: June 26, 2018
Richmond, Virginia